# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Harriett Millard
15 Bellou James Pl.
Baltimore, MD 21207

*

*

*

_(Full name and address of the plaintiff)_
**Plaintiff(s)**

*

vs.

1. Carol E. Smith, etal *
Circuit Court For Balto. City
Courthouse East, Room 241 *
111 N. Calvert St.
Balto, MD 21207
_(Full name and address of the defendant(s))_
**Defendant(s)**

********

Civil No.: _____
_(Leave blank. To be filled in by Court)_

JFM07CV 497

## COMPLAINT

1.    Jurisdiction in this case is based on:

❏    Diversity (none of the defendants are residents of the state where plaintiff
is a resident)

☒    Federal question (suit is based upon a federal statute or provision of the
United States Constitution)

❏    Other (explain) _____

_____

_____

U.S. District Court (Rev. 12/2000)

1

SEE ATTACHED

2.    The facts of this case are:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

U.S. District Court (Rev. 12/2000)

2

3.  The relief I want the court to order is:

❏   Damages in the amount of: _____

❏   An injunction ordering: _____

_____

❏   Other (explain) _____

_____


_____
*(original signature of plaintiff)*

15 BETLOU JAMES PLACE
_____

BALTO., MD 21207
_____

(410) 281-1086
_____
*(address of plaintiff)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HARRIETT MILLARD                          *
15 Betlou James Place
Baltimore, MD 21207
                                          *

**Plaintiff**
                                          *

vs.                                          Civil Action No. _____

CAROL E. SMITH, individually, and         *
in her official   capacity as Judge, Circuit
Court For Baltimore City, Courthouse East,
Room 241, 111 N. Calvert Street           *
Baltimore, MD 21202

                                          *
HOUSEHOLD FINANCE
CORPORATION
A Household International Company          *
211 Metro Plaza
Baltimore, MD 21215                        *

MICHAEL J. JOHNSON, individually          *
and his official capacity as Account Executive   *
Household Finance Corporation
211 Metro Plaza                           *
Mondawmin Mall
Baltimore, MD 21215                       *

**Defendant(s)**                          *

JFM07CV 497

## COMPLAINT

**1. Jurisdiction in this case is based on:**

o   <u>Federal question (suit is based upon a Federal Statute):</u>

<u>15 U.S.C. Sec. 41 -58.  Federal Trade Commission</u>

(Establishment, Membership, Operations, Powers, References, Information and Assistance, Documentary Evidence, Offenses, Penalties, Effect on other Statutes, Provisions, Dissemination of False of Advertisement, False Advertisement, Injunctions, Restraining, Penalties; Commencement, Defense, Intervention and Supervision of, Separability Clause, etc.)

o **Other**:  This suit is also based upon Code of Federal Regulations:

1- 16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 1 (k) Cosigner; and

2- 16 C.F.R., Chapter 1, Part 444 – Credit Practices, Section 3 (a.1 - 2) and Section 3 (b) - (c) Unfair or Deceptive.

Both of which are established, supported and enforced by Federal Statute:

AUTHORITY:  Sec. 18 (a), 88 Stat. 2193, as amended 93 Stat. 95 (15 U.S.C. 57 a); 80 Stat. 383, as amended, 81 Stat, 54 (U.S.C. 552).

SOURCE:  49 FR 7789, March 1, 1984, unless otherwise noted .

2

The Federal Trade Commission (FTC) is an independent agency of the United States Government that was created by the FTC Act as amended, 15 U.S.C. Section 41- 58.  The FTC is a sector of the United States Federal Government that is charged with enforcing:  16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 1 (k) Cosigner,  that gives the FTC Definition of  "Cosigner in connection with the extension of credit to consumers in or affecting commerce", as commerce is defined in the Federal Trade Commission Act

AUTHORITY:  Sec. 18(a), 88 Stat. 2193, as amended 93 Stat. 95 (15 U.S.C. 57a); 80 Stat. 383, as amended, 81 Stat. 54 (5 U.S.C. 552).

SOURCE:  49 FR 7789. Mar 1, 184, unless otherwise noted.

Also, the Federal Trade Commission also has the responsibility of enforcing  16 C.F.R., Chapter 1, Part 444 – Credit  Practices, Section 3 (a.1 - 2) and Section 3 (b) - (c), which prohibits "Unfair or deceptive cosigner practices in or affecting commerce" (see attached)

AUTHORITY:  Sec. 18(a), 88 Stat. 2193, as amended 93 Stat. 95 (15 U.S.C. 57a); 80 Stat. 383, as amended, 81 Stat. 54 (5 U.S.C. 552).

SOURCE:  49 FR 7789. Mar 1, 184, unless otherwise noted.

3

The Federal Trade Commission is authorized by Section (13b) of the FTC Act, 15 U.S.C. Section 53(b), to initiate federal district court proceedings to enjoin violations of the ACT and to secure such equitable relief as may be appropriate in each case, including, but not limited to, restitution and disgorgement.

Among the entities that the Federal Trade Commission may seek to prohibit from using "unfair or deceptive acts or practices in or affecting commerce" are "corporations", 15 U.S.C. Section 45 (a) (2), defined in Section 4 of the FTC Act "to include any company ...which is organized to carry on business for its own profit or that of its members, and [which] has shares of capital or capital stock or certificates of interest...." 15 U.S.C. Section 44.

The Credit Practices Rule (see attached)

The Federal Trade Commission established the Credit Practices Rule. The Rule, which became effective March 1, 1985, requires creditors to provide a written notice to consumers before they cosign obligations for others about their potential liability if the other person fails to pay.

*Code of Federal Regulatory Background*

The Regulatory Background of this suit is as follows:

**(1)** 16 C.F.R. Chapter.1, Part 444- Credit Practices,

Section 444.1- Definitions (k) Cosigner   "A natural person

who renders himself or herself liable for the obligation of

another person without compensation.  The term shall

include any person whose signature is requested as a

condition to granting credit to another person, or as a

condition for forbearance on collection of another person's

obligation that is in default.  The term shall not include a

spouse whose signature is required on a credit obligation to

perfect a security interest pursuant to State law.   A person

who does not receive goods, services, or money in return

for a credit obligation does not receive compensation with

the meaning of this definition.   A person is a cosigner

within the meaning of this definition whether or not he or

she is designated as such on a credit obligation".

AUTHORITY:  Sec. 18 (a), 88 Stat. 2193, as amended 93

Stat. 95 (15 U.S.C. 57a); 80 Stat. 383, as amended, 81 Stat.

54 (5 U.S.C. 552).  SOURCE:  49 FR 7789, Mar. 1, 1984,

unless otherwise noted.

(2) 16 C.F.R. Chapter.1, Part 444- Credit Practices, Section 444.3 Unfair or deceptive cosigner practices

(a) In connection with the extension of credit to consumers in or affective commerce, as commerce is defined in the Federal Trade Commission Act, it is:

(1) A deceptive act or practice within the meaning of section 5 of that Act for a lender or retail installment seller, directly or indirectly, to misrepresent the nature or extent of cosigner liability to any person.

(2) An unfair act or practice within the meaning of section 5 of that Act for a lender or retail installment seller, directly or indirectly, to obligate a cosigner unless the cosigner is informed prior to becoming obligated, which in the case of open end credit shall mean prior to the time that the agreement creating the cosigner's liability for future charges is executed, of the nature of his or her liability as cosigner.

(b) Any lender or retail installment seller who complies with the preventive requirements in paragraph (c) of this section does not violate paragraph (a) of this section.

6

(c) To prevent these unfair or deceptive acts or practices, a disclosure, <u>consisting of a separate document that shall contain the following statement and no other, shall be given to the cosigner prior to becoming obligated</u>, which in the case of open end credit shall mean prior to the time that the agreement creating the cosigner's liability for future charges is executed:

### NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do.  If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay.   You may also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. It this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

AUTHORITY:  Sec. 18(a), 88 Stat. 2193, as amended 93 Stat. 95 (15 U.S.C. 57a); 80 Stat. 383, as amended, 81 Stat. 54 (5 U.S.C.552).

SOURCE:  49 FR 7789, Mar. 1, 1984, unless otherwise noted.

## 2. The facts of this case are:

<u>Claims Against Carol E. Smith</u>

Carol E. Smith is a Judge for the Circuit Court for Baltimore City, Maryland.

Plaintiff alleges that in a Circuit Court Order dated March 4, 2004, Judge Carol E. Smith erred in not properly concluding that they were a Cosigner on an obligation with Household Finance Corporation and therefore, did not comply with the Federal Trade Commission's definition of Cosigner in Federal Regulation 16 C.F.R. Chapter.1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner.  Plaintiff alleges that Judge Carol E. Smith violated  16 C.F.R. Chapter.1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner

by not correctly, fairly and properly concluding that they were a
Cosigner on the obligation.

Plaintiff argues that in the Discussion of a MEMORANDUM
that Judge Carol E. Smith used to establish a Circuit Court
ORDER against them, dated March 4, 2004, that Judge Carol E.
Smith, erred in stating that Plaintiff received a check payable
and money, compensation from Household Finance Corporation
(HFC) (see ORDER Discussion #3, page 13)"...a loan in the form
of a check payable to them as co-borrowers";  and Judge Smith's
statement that "Appellee received money, or compensation, for her
own obligation").  Plaintiff charges that both of these statements
are false.  These statements are false and untrue because Plaintiff
did not receive any check, money, goods or type of compensation
from Household Finance Corporation (HFC).  Plaintiff alleges that
they were deceptively represented as a Co borrower on the
obligation.  Plaintiff also charges that they have repeatedly
requested a copy of the cancelled check from HFC that would
allow them to show proof in a Court of Law that that
their name and signature are not on it.  Despite Plaintiff's requests,
Plaintiff alleges that HFC has repeatedly denied them a copy of the
cancelled/returned loan check.

Plaintiff also charges that Judge Carol E. Smith also <u>failed to enter a copy of the cancelled/returned loan check as evidence into the case</u>. But, that Judge Smith wrongfully used the loan check against Plaintiff by stating that it was made payable to them, which <u>is false</u>.

In not correctly and fairly concluding that Plaintiff was a Cosigner, Plaintiff charges that Judge Carol E. Smith erred, violated, failed to comply with and adhere to Federal Regulation, 16 C.F.R. Chapter 1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner established and enforced by the Federal Trade Commission

Plaintiff further argues that Judge Carol E. Smith violated this Federal Regulation because their name and signature were/are in fact not on the cancelled loan check and the check was not made payable to them. Moreover, Plaintiff argues they did not receive any check, money, goods, services or any type compensation from HFC and that they were a Cosigner in accordance with the Federal Trade Commission's Federal Regulation of "16 C.F.R. Chapter 1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner".

Plaintiff also argues that the loan check and/or cancelled/ returned check from HFC of the obligation is evidence and proof that Plaintiff did not receive any money, goods, services or any type compensation from HFC; and that they were a Cosigner within the meaning of the definition of Cosigner in the Code of Federal Regulations, set forth and enforced by the Federal Trade Commission.

Again, Plaintiff contends that the cancelled/returned loan check from HFC is facial and factual proof/evidence that HFC did not make it payable to Plaintiff, but that Judge Carol E. Smith did not correctly deemed Plaintiff as a Cosigner and was not in accordance to or in compliance with Federal Regulations in 16 CFR Chapter 1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner, established and enforced by the Federal Trade Commission.

Furthermore, Plaintiff alleges that Judge Carol E. Smith erred in stating that the loan check from HFC was made payable to Plaintiff in the MEMORANDUM, Discussion (#3), page 12, paragraph one (1) "...that the check for the loan amount was payable to Appellee"; and in paragraph three (3) "...a loan in the form of a check payable to them as co-borrowers" both of which are false and untrue statements that were used by Judge Carol E. Smith to establish and support the

Circuit Court ORDER dated March 4, 2004 against Plaintiff.

Furthermore, Plaintiff alleges that, without reviewing and analyzing the evidence of the cancelled loan check, Judge Carol E. Smith merely assumed that they were not a Cosigner.  Plaintiff alleges that Michael J Johnson, Account Executive, Household Finance Corporation deceptively represented them as a Co borrower on the contract.

Therefore, Plaintiff also charges that Judge Smith failed to acknowledge that the loan check was not made payable to them and that they did not receive any money, goods, service or any type compensation from HFC and  wrongly used the loan check against them.   Moreover, Plaintiff charges that in this manner, Judge Carol E. Smith did not abide by and did not comply with the Federal Trade Commission's Federal Regulation,  16 CFR Chapter 1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner, "A person who does not receive goods, services, or money in return for a credit obligation does not receive compensation with the meaning of this definition.  <u>A person is a cosigner within the meaning of this definition whether or not he or she is designated as such on a credit obligation</u>".  In accordance with the Federal Trade Commission's Federal Regulation, Plaintiff was a Cosigner even though it was designated as such on the obligation, because they did not receive a

check, money, goods, services or any type of compensation from HFC, which the cancelled/returned loan check supports and serves as proof.

Finally, based on the Federal Trade Commission's Federal Regulation definition of Cosigner and also on the evidence of the cancelled loan check confirming and verifying that a check was not made payable to Plaintiff, and they did not receive any money or compensation, Judge Carol E. Smith erred in not properly concluding that Plaintiff was a Cosigner on the obligation.  Plaintiff charges that in this err, Judge Carol E. Smith failed to comply with the Federal Trade Commission's Federal Regulation and as a result, violated United States Federal Law.

o   <u>Claims Against Household Finance Corporation (HFC) and</u>

<u>Michael J. Johnson, Account Executive, HFC</u>

Household Finance Corporation is a lender that engages in the business of lending money to consumers within the jurisdiction of the Federal Trade Commission.

Michael J. Johnson is an Account Executive for Household Finance Corporation (HFC) that acts in the behalf and is a representative of HFC issuing loans to consumers (see attached business card).

Plaintiff alleges that Michael J. Johnson, Account Executive for Household Finance Corporation (HFC), acting in behalf of and as a representative of HFC, used Unfair and deceptive cosigner practices with them and violated the Federal Trade Commission's Federal Regulation of 16 C.F.R. Chapter.1, Part 444- Credit Practices, Section 444.3 Unfair or deceptive cosigner practices (a), (b) and (c).

Plaintiff alleges that Michael J. Johnson, acting in behalf and as a representative of Household Finance Corporation (HFC) deceptively represented them as a Co borrower on an obligation. Plaintiff further alleges that Michael J. Johnson contacted them to come to his office at HFC, by personally telephone calling Plaintiff several times and asking that they cosign an obligation as a condition for HFC to

14

grant credit to another person,  Plaintiff's mother (OSALESE MILLARD).   Plaintiff argues that in accordance with the Federal Trade Commission's Code of Federal Regulation's definition of Cosigner, that they were a Cosigner on the contract because they did not receive any check made payable to them, money, goods, services or any type compensation from the obligation.

Plaintiff charges that Michael J. Johnson acting as a representative of Household Finance Corporation (HFC), deceived them into signing the obligation as a Co borrower.   Plaintiff charges that they questioned HFC's Account Executive, Michael J. Johnson about the document stating Borrower(s) where he instructed them to sign. However, he informed Plaintiff that they were a Cosigner.   Therefore, Plaintiff argues that Michael J. Johnson, representing Household Finance Corporation, directly misrepresented the nature and extent of the obligation to them.   Moreover, Plaintiff contends that Michael J. Johnson, acting as a representative of HFC, in the capacity as Account Executive, did not make any check payable to them.  Plaintiff further contends that Michael J. Johnson did not give a check, money, goods, services or compensation to them from Household Finance Corporation.

Plaintiff contends that they were a Cosigner, in accordance with the Federal Trade Commission's Federal Regulations, 16 C.F.R. Chapter.1, Part 444- Credit Practices, Section 444.1- Definitions (k) Cosigner:

"A person who does not receive goods, services, or money in return for a credit obligation does not receive compensation with the meaning of this definition. <u>A person is a cosigner within the meaning of this definition whether or not he or she is designated as such on a credit obligation</u>,.

Plaintiff argues that Michael J. Johnson, acting as a representative of and in behalf of Household Finance Corporation (HFC) in the capacity of Account Executive, deceptively represented them as a Co borrower on the obligation, even though he (HFC) did not make a check payable to them and he did not give them any check, money, goods, services or any type compensation.

In compliance to the Federal Trade Commission's Regulations definition of Cosigner, Plaintiff was a Cosigner, whether or not they were properly designated as such on the obligation, because they did not receive any money, goods, services or any type compensation from Household Finance Corporation. The cancelled loan check is evidence and proof of that fact.

Plaintiff further charges that as a Cosigner, Household Finance

Corporation violated Federal law through Michael J. Johnson, Account

Executive, acting in their behalf and as their representative because he

failed to and did not provide Plaintiff with the required by

Federal law, NOTICE TO COSIGNER as established by the Federal

Trade Commission and specified in 16 C.F.R. Chapter 1, Part 444-

Credit Practices,   Section  444.3- Unfair or deceptive cosigner

practices (c ):  To prevent these unfair or deceptive acts or

practices, a disclosure, <u>consisting of a separate document</u> <u>that shall</u>

<u>contain the following statement and no other, shall be given to the</u>

<u>cosigner prior to becoming obligated,</u> which in the case of open end

credit shall mean prior to the time that the agreement creating the

cosigner's liability for future charges is executed:

17

NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay.   You ay also have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. It this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

(2). The facts of this case are:

    o  ORDER, PETITION FOR WRIT OF CERTIORARI,  denied November 12, 2004 (see attached).

    o  ORDER, MOTION TO REVISE, ALTER OR AMEND JUDGMENT denied July 12, 2004 (see attached).

o  ORDER, EN BANC REVIEW denied June 22, 2004 (see attached).

o  ORDER, CIRCUIT COURT FOR BALTIMORE CITY,

dated March 4, 2004, Judgment in favor of HFC (see attached).

o  JUDGMENT, DISTRICT COURT OF MARYLAND FOR

BALTIMORE CITY, June 4, 2003 in favor of HARRIETT MILLARD

(see attached).

*Background*

In May, 2001, Michael J. Johnson, Account Executive acting in behalf of

and as a representative for Household Finance Corporation telephone called

Plaintiff several times, leaving telephone messages at her home requesting

that Plaintiff come to his office and give their signature as a Cosigner on a

contract for OSALESE MILLARD (mother of Plaintiff), who was attempting

to obtain a loan from Household Finance Corporation.

Prior, Michael J. Johnson, contacted Plaintiff's sister (NETTIE

MILLARD), who met with him, but did not qualify. After consecutive

telephone messages,   Plaintiff went to the office of Michael J. Johnson,

Account Executive and representative of Household Finance Corporation.

Michael J. Johnson and OSALESE MILLARD (Plaintiff's mother), were

already there together awaiting Plaintiff's arrival.  Michael J. Johnson, acting

in behalf of Household Finance Corporation asked Plaintiff to fill out a loan

application.  Plaintiff filled out the application (see attached copy),

giving her personal information that included her home address.

Michael J. Johnson, Account Executive for Household Finance Corporation also requested and made a copy of Plaintiff's driver's license which also contained Plaintiff's correct home address.

In addition to commenting on the high interest rate, Plaintiff also asked why HFC's representative, Michael J. Johnson, instructed them to sign the obligation as a borrower.  Acting in behalf of HFC, Michael J. Johnson deceptively stated to Plaintiff that signing below the signature of OSALESE MILLARD constituted a Cosigner.

Plaintiff was provided a copy of the contract and loan application by Michael J. Johnson and not given any check payable, money, goods, services or any type of compensation.  Plaintiff then left Michael J. Johnson and OSALESE MILLARD in the office of Household Finance Corporation (HFC).  Plaintiff left the office and was not given a loan check, money, goods or any type of compensation from HFC by their representative, Michael J. Johnson.  Plaintiff did not even see a check.

Plaintiff was a Cosigner, according to the Federal Trade Commission's Federal Regulation, 16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 444.1 Definition (k) Cosigner, because they did not receive any money or check from Household Finance Corporation (HFC) by their representative Michael J. Johnson, Account Executive.

As a Cosigner, Plaintiff was/is entitled to the protection of

16 C.F.R, Chapter 1, Part 444- Credit Practices, Section 444.3 Unfair or

deceptive cosigner practices (see attached).   This Federal Regulation of the

Federal Trade Commission required that Household Finance Corporation

provide Plaintiff with the required NOTICE TO COSIGNER.  Michael J.

Johnson, Account Executive of Household Finance Corporation, acting in

their behalf of and as a representative, did not provide Plaintiff with this

required by Federal law legal document.  As a result, Household Finance

Corporation, violated the Federal Trade Commission's Federal

Regulation as specified in 16 C.F.R. Chapter1, Part 444- Credit Practices,

Section 444.3-Unfair or deceptive cosigner practices (c ) NOTICE TO

COSIGNER by not providing Plaintiff with this legal document.

In December, 2002, a collections company for Household Finance

Corporation telephone called Plaintiff and said that the loan was three (3)

months in default.   Prior to this, Plaintiff had <u>never</u> <u>received any statements</u>

regarding the loan account and had <u>never</u> before received any correspondence

<u>about transactions pertaining to it</u>. As a result, Plaintiff sought out OSALESE

MILLARD about the condition of the loan because the check was **<u>solely</u>**

made payable to them.  Plaintiff also attempted to settle the account with

attorney representatives for Household Finance Corporation in an effort to

preserve and maintain their excellent Credit History and File.   However, the

attorneys rejected Plaintiff's offer.  Before Plaintiff could make any other

arrangements, the attorneys for Household Finance Corporation filed suit against Plaintiff.

On June 4, 2003, the case was heard in the District Court of Maryland before the Honorable Judge Yvonne Holt-Stone. Judge Holt-Stone requested that Michael J. Johnson, Account Executive for Household Finance Corporation testify under oath about Plaintiff's status on the obligation. Under oath, Michael J. Johnson testified that Plaintiff was a Cosigner on the loan contract (see Transcript).   Plaintiff also testified that they did not receive a check from Household Finance Corporation and did not see a check.

Judge Holt-Stone found that Plaintiff was a Cosigner on the contract and that Michael J. Johnson, Account Executive for Household Finance Corporation had in fact violated the Federal Trade Commission's Federal Regulations by not providing Plaintiff with the required  by  Federal law NOTICE TO COSIGNER (see Transcript).   Judge Holt-Stone also found that Plaintiff had not been properly served in this matter by Household Finance Corporation's attorney which is a violation of the law.

The attorneys for Household Finance Corporation appealed Judge Holt-Stone's judgment at the Circuit Court For Baltimore City.   Circuit Court Judge Carole E. Smith heard the case.

Judge Carole E. Smith, reviewed the contract, but did not review or analyze the cancelled/returned loan check. The attorneys for Household Finance Corporation did not have it with them and they did not submit it as evidence into the case for review. Neither did Judge Carol E. Smith make them submit the cancelled/returned loan check as evidence. Without review, Judge Carol E. Smith wrongfully used the document to establish the Circuit Court Order dated March 4, 2004. In err, Judge Smith wrongfully stated several times that the loan check was made payable to Plaintiff which is false and untrue.

Plaintiff attempted to obtain a copy of the loan check, but Household Finance Corporation and their attorneys would not provide it to them. Yet, Judge Carol E. Smith supported the Circuit Court ORDER with both the (1) contract (2) and the loan check. Judge Smith wrongfully used the loan check in favor of Household Finance Corporation because Plaintiff's name and signature were/are not on the cancelled/returned loan check. Using the loan check in err, Judge Carol E. Smith established an ORDER dated March 4, 2004, ordering that the Judgment of the District Court of Maryland in favor of Plaintiff be REVERSED.

Plaintiff filed an appeal to the Circuit Court Order in the Court of Special

Appeals of Maryland which was later transferred to the Court of Appeals of

Maryland and denied in the form of WRIT OR PETITIONFOR CERTIORI.

Prior, Plaintiff also filed for an MOTION TO REVISE, ALTER OR AMEND

JUDGMENT which was denied, and an previously EN BANC REVIEW

which was also denied.

   As a result of Judge Carol E. Smith's ORDER, the attorneys for Household

Finance Corporation garnished Plaintiff's wages. To stop the wage

garnishments with the interest, Plaintiff filed for Bankruptcy, Chapter 13 in

2005.  Prior to the wage garnishments and the Bankruptcy, Plaintiff always

maintained an excellent Credit History and Credit File, excellent Employee

Personnel Record of thirty (30) years, excellent Employee Credit Union

Record File  (twenty-five) years and an excellent Mortgage History File..

In conclusion, in accordance to the Federal Trade Commission's Federal Regulation, 16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 444.1 Definitions (k) Cosigner, Plaintiff was a Cosigner because the loan check was not made payable to them.  In addition, Plaintiff's name and signature are not on the cancelled/returned loan check and they did not receive any money, goods, services or any type of compensation from Household Finance Corporation.    As a Cosigner, Plaintiff was/is entitled to the protection of the Federal Trade Commission's Federal Regulations, 16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 444.3 Unfair or deceptive cosigner (a), (b) and (c).

Plaintiff contends and argues that since they were not a Borrower on the obligation because they did not receive any money, goods, services or any type compensation, **their name should be immediately removed from the contract as such**.  Further, Plaintiff also contends and argues that as a Cosigner, they were not provided with the required by Federal Trade Commission's Federal Regulation's NOTICE TO COSIGNER from Household Finance Corporation which is also a violation.  As a result of Household Finance Corporation violation of 16 C.F.R., Chapter 1, Part 444- Credit Practices, Section 444.3 Unfair or deceptive cosigner (c) NOTICE TO COSIGNER with Plaintiff, Plaintiff argues **that they are not even a Cosigner**.

Plaintiff alleges that Household Finance Corporation has a history of utilizing unfair and deceptive lending practices (see copy of Maryland Attorney General – News Release dated December 17, 2002)

Plaintiff argues that due to these serious violations of the Federal Trade Commission's Federal Regulations committed by Judge Carol E. Smith, Household Finance Corporation and Michael J. Johnson, Account Executive and representative of Household Finance Corporation, that **Plaintiff is absolutely nothing on the contract**; and that their name should be immediately removed from it and all of Plaintiff's responsibilities associated with it, be eradicated.  Plaintiff further argues due the violations of the Federal Trade Commission's Federal Regulations committed by Judge Carol E. Smith, Household Finance Corporation and Michael J. Johnson, Account Executive and representative of Household Finance Corporation, all of the monies garnished from Plaintiff's wages for the obligation and paid by Plaintiff to Bankruptcy for it, plus all of the attorney fees, other costs and fees incurred by Plaintiff for and regarding the obligation, should be compensated to Plaintiff by Household Finance Corporation.

Plaintiff charges that these serious violations of the Federal Trade Commission's Federal Regulations committed by Judge Carol E. Smith, Household Finance Corporation and Michael J. Johnson, Account Executive and representative of Household Finance Corporation, also entitles Plaintiff to Punitive Damages from Household Finance Corporation for injury to their

Credit History and File, Employee Personnel Record, Employee Credit Union

Record and Mortgage History Record File.


(5). The relief I desire that the **United States District Court For the District of**

**Maryland** order is:


- **AN INJUNCTION** ordering that Plaintiff's name is removed from

  the contract, and all of Plaintiff's associated responsibility be

  eradicated, due to the violations of the Federal Trade Commission's

  Federal Regulations, as explained that were committed by Judge

  Carol E. Smith, Household Finance Corporation and Michael J.

  Johnson, Account Executive and representative of Household

  Finance Corporation.


  **AN INJUNCTION** ordering that Household Finance Corporation

  immediately withdraw their claim from Plaintiff's Bankruptcy,

  Chapter 13.


- **AN INJUNCTION** ordering that written orders are

  immediately sent to the Credit Bureau(s) informing them to remove

  all charges, claims and judgments by Household Finance

  Corporation from Plaintiff's Credit Report and Credit History File.

- **AN INJUNCTION** ordering that Judge Carol E. Smith and
  Household Finance Corporation each write and send a written report
  to Plaintiff's Employer (of thirty-one (31) ) years, Employee Credit
  Union (of twenty-five (25) years) and Mortgage Company
  summarizing the merits of this case, including the violations of the
  Federal Trade Commission's Federal Regulations committed by
  Judge Carol E. Smith, Household Finance Corporation and Michael
  J. Johnson, Account Executive and representative for Household
  Finance Corporation that caused garnishment of Plaintiff's wages
  and lead to Plaintiff filing Bankruptcy, Chapter 13.

- **COMPENSATORY DAMAGES** paid to Plaintiff by Household
  Finance Corporation in the amount of $ 17, 336.48,
  which is the sum total of Plaintiff's Attorney costs and fees
  ($6686.08) + Household Finance Corporation s garnishment of
  Plaintiff's wages ($1899.40) + Household Finance Corporation
  Bankruptcy Claim Payments ($6,900.00) and Costs ($357.00).

- **PUNITIVE DAMAGES** paid to Plaintiff by Household Finance

  Corporation to the fullest extent allowable by the United States

  District Court For the District of Maryland for **injury** to Plaintiff's

  Credit Report and History file, thirty-one (31) year Employee

  Personnel Record, Employee Credit Union History Record and

  Mortgage Company File by Household Finance Corporation when

  Household Finance Corporation's attorneys filed judgment and

  garnished Plaintiff's wages that resulted in Plaintiff filing

  Bankruptcy, Chapter 13.

Respectfully submitted *pro se*,                    DATE:

Harriett Millard

15 Betlou James Place
Baltimore, MD 21207
410-281-1086